# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Respondent, <br> v. <br> CURTIS WARD, <br> Defendant. | Case No. 2:08-cr-00224-KJD <br> 2:16-cv-01443-KJD <br> ORDER |

Presently before the Court is Petitioner Curtis Ward's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion") (#43/44/54). The Government filed responses and supplements in opposition (#46/55/57) to which Petitioner replied (#47/54). Also, before the Court is Petitioner's Motion for Leave to File First Amended Motion to Vacate (#54). The Government filed a response in opposition (#57).

## I. BACKGROUND

On April 7, 2009, Petitioner pleaded guilty to all three counts of the indictment. On July 15, 2019, the Court entered Judgment against Defendant on those counts: (1) Count One Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d); Count Two, Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A); and (3) Count Three Convicted Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) & (e). The Court sentenced Petitioner to one hundred twenty (120) months imprisonment on Count One and Three to run concurrently with each other. It sentenced Ward to eighty-four (84) months imprisonment on Count Two to be served consecutively to Counts One and Three, followed by five years of supervised release.

On June 21, 2016, Petitioner filed an abridged 2255 motion, followed by a comprehensive 2255 motion on December 19, 2016, arguing that his sentence violates due

process because it is based on an unconstitutionally vague portion of 18 U.S.C. § 924(c). Petitioner's vagueness argument relies on Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the U.S. Supreme Court ruled that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. Johnson, 135 S. Ct. at 2557. Petitioner accordingly points to language in § 924(c)'s residual clause, which is identical to that of the ACCA's residual clause, for the proposition that both provisions, and any convictions and sentences arising therefrom, are invalid.

After the ruling in Johnson, the Ninth Circuit issued its decision in United States v. Blackstone, 903 F.3d 1020, 1028–29 (9th Cir. 2018), cert. denied, 139 S. Ct. 2762 (2019). As pertinent to this case, the Ninth Circuit held that Johnson had not been extended to sentences imposed pursuant to § 924(c). Id. at 1028. Consequently, a 2255 motion seeking to invalidate a § 924 conviction based on Johnson, would therefore be untimely. Id. at 1028, 1029 ("The Supreme Court may hold in the future that Johnson extends to sentences imposed ... pursuant to [§ 924(c)], but until then [the petitioner's] motion is untimely.").

II. Motion to Amend

Petitioner has also filed a motion for leave to amend his petition wishing to assert claims for relief under Rehaif v. United States, 139 S.Ct. 2191 (2019). The Rehaif claims would address his felon in possession of a firearm and ammunition conviction, not otherwise at issue in the current § 2255. However, Rehaif has not been found to apply retroactively to cases on collateral review. See, e,g., In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (Rehaif "did not announce a new rule of constitutional law") (internal quotations omitted). At best, the Rehaif claim is premature.

Further, even if the Court were to consider the Rehaif claim, it would deny it as unmeritorious since the alleged errors were harmless, see United States v. Benamor, 937 F.3d 1182, 1188 (9th Cir. 2019), given Defendant's knowledge that he was a convicted felon. See Government's Memorandum in Support of Guilty Plea Without Agreement, Doc. No. 29, p. 5-6 ("On February 12, 1995, the defendant was convicted by a jury of robbery with the use of a deadly weapon and the use of a firearm in violation of Nevada Revised Statutes 200.380, and

193.165 and sentenced to nine years prison, consecutive, on each count. On February 12, 1996, the defendant pleaded guilty to felony possession of a firearm by an ex-felon in violation of Nevada Revised Statute 202.360, and possession of a controlled substance with intent to sell in violation of Nevada Revised Statute 453.337 and sentenced to two to six years in prison concurrent with his 1995 sentence."). Accordingly, the Court denies Petitioner's leave to amend.

III. Legal Standard

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." Id.; see United States v. Berry, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." Id. § 2255(f)(3).

IV. Analysis

Petitioner argues that his sentence for Count Two for Possession of a Firearm in Furtherance of a Crime of Violence arose under an unconstitutionally vague provision of 18 U.S.C. § 924(c). Title 18 United States Code Section 924(c) criminalizes the use or carrying of a firearm in relation to a "crime of violence," and it imposes mandatory minimum sentences that must run consecutive to any other sentence. An offense may qualify as a crime of violence under § 924(c) through either of two clauses: § 924(c)(3)(A) or § 924(c)(3)(B). Section 924(c)(3)(A), also known as the statute's "force clause," applies if an individual is convicted of a predicate crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." By contrast, § 924(c)(3)(B), known as the "residual clause" of the statute, is much broader; it applies if the individual is convicted of any predicate felony offense "that by its nature, involves a substantial risk that physical force against the person or

property of another may be used in the course of committing the offense." The U.S. Supreme Court recently invalidated § 924(c)(3)(B) after holding that its language is unconstitutionally vague. See United States v. Davis, 139 S. Ct. 2319, 2335–36 (2019). However, the force clause, § 924(c)(3)(A), has not been deemed unconstitutional.

Here, Petitioner argues that his sentence based on Count Two of the Indictment violates due process because the Court imposed it under the unconstitutionally vague residual clause, 18 U.S.C. § 924(c)(3)(B). To make that argument, Petitioner points to his predicate offense of Armed Bank Robbery in violation of 18 U.S.C. § 2113. He claims that Armed Bank Robbery is not a crime of violence by its elements, and thus his sentence enhancement for that predicate crime under Section 924(c) must have arisen from the unconstitutional residual clause. The Ninth Circuit in United States v. Watson, 881 F.3d 782 (9th Cir.), cert. denied, 139 S. Ct. 203 (2018), rejected the same arguments made by Petitioner when it held that federal armed bank robbery constitutes a crime of violence by its elements. 881 F.3d at 786. Petitioner's conviction for Armed Bank Robbery therefore implicates the force clause, 18 U.S.C. § 924(c)(3)(A), not the unconstitutional residual clause—rendering Petitioner ineligible for relief on the grounds argued in his 2255 Motion. Accordingly, the Court denies Petitioner's § 2255 motions.

Additionally, the Court will not issue a certificate of appealability, which is required for Petitioner to proceed with an appeal of this Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950–51 (9th Cir. 2006); see also United States v. Mikels, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Slack, 529 U.S. at 483–84. The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court therefore denies Petitioner a certificate of appealability.

## V. Conclusion

Accordingly, IT IS HEREBY ORDERED Petitioner's Motion for Leave to File First Amended Motion to Vacate, Set Aside, or Correct Conviction and Sentence under § 2255 (#54) is **DENIED**;

IT IS FURTHER ORDERED that Petitioner Curtis Ward's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#43/44/54) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Respondent and against Petitioner in the corresponding civil action, 2:16-cv-01442-KJD, and close that case;

IT IS FURTHER ORDERED that Petitioner is **DENIED** a Certificate of Appealability.

DATED this 31st day of March 2020.

Kent J. Dawson
United States District Judge